

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE
COMMONWEALTH OF PENNSYLVANIA,
   - against –
TED A. McCRACKEN,
   Petitioner-defendant.

Index No. 19cr542

PETITION FOR REMOVAL FROM STATE COURT
TO FEDERAL COURT (28 U.S. Code 1455)

1. The defendant in the afore-captioned state court proceedings, Ted A. McCracken makes this pro-se petition for removal to federal court pursuant to the provisions enunciated in 28 U.S.C. 1455 and affirms that:

2. There is substantial direct and circumstantial evidence of police corruption (i.e. fabricating/exaggerating criminal charges for personal monetary gain; noble cause corruption (i.e. petitioner has a criminal record), retaliation (i.e. petitioner brought a Petition for Writ of Mandamus challenging the misfeasance of the Pennsylvania State Police, currently pending in the PA Commonwealth Court, Index No. 554 MD 2018) so to further a scheme to steal $200,000.00 from my mother, 93 and myself. Moreover, there is direct evidence of medicare/insurance fraud of approximately $16,000.00 and false arrest to further the scheme.

3. On or about May 8, 2019, petitioner was arrested on a warrant issued by Police Officer Gershanick, of the Upper Moreland P.D. for Stalking (18 Pa.C.S. 2709.1(A2)); Unsworn falsification to Authorities (18 Pa.C.S. 4904(A1); Harassment (18 Pa.C.S. 2709(A3); Harassment (18 Pa.C.S. 2709(A4); False Reports of Child Abuse (18 Pa.C.S. 4906.1); False Reports of Child Abuse (18 Pa.C.S. 4906.1). Six (6) misdemeanors.

4. The complainant(s) in this case are entirely the police and/or their immediate relative, and the case is created out of abuse of police power (i.e. fabrication, exaggeration) initiated by the wife of a Abington

1

Township Police Officer. In addition, Gershanick, charged petitioner, for some additional statement(s), etc., but never revealed a description in the criminal complaint.

5. Its apparent that Abington Police Department have had a pattern of using their personnel to try to create confrontation and fabricate a charge for arrest/incarceration of petitioner.

6. In or about April, 2019, petitioner deduced that a neighbor, a male Caucasian, approximately 30 years of age, was a police officer, residing directly across the parking lot in a condominium complex. This became more apparent when months passed and he never emptied trash into the dumpster, as if he was were on a stake-out, trying to conceal his identity. Moreover, there were occasions when he parked a Ford Crown Victoria unmarked police car in the parking lot. It also became apparent, from vehicles parked in front of petitioner's/police officer's home, that in all probability he was a Abington Township Police Officer, because a constant visitor had a vehicle with multiple Abington Township stickers on it. Petitioner in 15 Derry and the police officer in 32 Derry Drive. His identity could not be confirmed, but his personal vehicle bore the PA tag number GVE5173.

7. In or about April, 2019, petitioner wrote to the U.S. Attorney, EDPA and asked that he investigate why a police officer, whom was not employed locally, was residing directly across from me. I stated that there was a grave concern that he may attempt to interrupt mail delivery, and that petitioner's mail was vitally important. The police officer moved out immediately.

8. 5ubsequently, a Abington Township Police Officer's wife was on Facebook, which pertains to petitioner's arrest. A Abington Township Police Officer's wife, who was on an apparent 'sting' operation, on the internet. Its claimed that petitioner went to her house, about 10:00 am in the morning, knocked on the door, she answered the door, he introduced himself, and she asked that he not come to that house again, and he left.

2

9. Obviously, if the complainant foresaw a problem, she could have filed a Protection from Abuse petition, and got an order to restrain whoever from ever going to the residence again. Its apparent that she was coached by her husband and immediately called the police.

10. Its petitioner's contention that all the charges are an exaggeration, and petitioner's arrest was done not out of criminal conduct of petitioner, but rather, a scheme to get petitioner out of the way, so that two of their own (EMS/POLICE/Fire) could get control of $200,000.00 from petitioner's mother's assets.

11. For reasons which surfaced later, the arrest it is contended was brought about by two (2) former Abington Hospital employees (a EMS technician and a nurse) coupled with personnel of that Abington Township Police Department (i.e. Jackie Blei and her husband Abington Township Police Officer) which has jurisdiction of the Abington Hospital complex. The scheme started with Abington Hospital EMS worker and nurse who stood to gain $200,000.00 if petitioner were arrested/incarcerated and out of the way. The two (2) had been given a Power of Attorney agreement in 2011 which petitioner's mother, 93, had signed.

12. In 2011, petitioner was accused of unauthorized use of his mother's credit card, and ultimately incarcerated. Petitioner was the sole beneficiary of all assets of his mother's up until that point in time. With petitioner incarcerated, she turned to KENNETH WEBER and LORNA SIMON whom she met at church to act as her Power of Attorney(s), should she be hospitalized, and they could transfer funds in her account to pay bills, etc..

13. Moreover, she changed her will giving one third to three parties, (1) her sister-in-law, Laura Adams; (2) Gwynedd Presbyterian Church and (3) petitioner. She had two (2) annuities worth approximately $60,000.00 (Brighthouse and Riversource) and she changed beneficiaries on those to the three.

14. Petitioner later reconciled with his mother, and returned to share her residence. She contacted her attorney, Cynthia Dengler, 43 W. Marshall Street, Norristown, PA 19401 to change the will back to make

3

petitioner sole beneficiary of her will.

15. The Power of Attorney agreement lay dormant for eight years and petitioner's mother stopped attending church and had no contact with WEBER and only on rare occasions did she see SIMON.

16. Its believed that this communication to Dengler, was communicated to Gwynedd Presbyterian Church (i.e. a former $50,000.00 beneficiary) of which WEBER and SIMON are long-standing members and it brought WEBER and SIMON to aggressively seek to incarcerate and get petitioner out of the way so that they could utilize the Power of Attorney (hereinafter referred to as POA) agreement to institutionalize petitioner's 93 year old mother and take control of her assets and house with a combined value of $200,000.00. They probably perceived that revocation of the POA was imminent.

17. Petitioner was incarcerated on or about May 8, 2019 based on Jackie Blei's (wife to Abington Police Officer Joseph Blei) statement and on or about May 30, 2019, petitioner's mother purportedly slipped in the parking lot, though no broken bones. She was taken to the Abington Hospital-Lansdale and stayed for about 4 days, and within that short time the two (2) persons whom held the 2011 POA agreement moved in to take control of petitioner's mother's property and unilaterally, transferred (kidnapped) her to a secure nursing home without her consent. The two (2) KENNETH WEBER, JR., a former EMS worker and LORNA SIMON, a former nurse for the Abington Hospital network had petitioner's mother transferred to a $900.00 per day nursing home, (the two stated that medicare paid for it, though, later the nursing facility generated a bill for over $16,000.00 [1/] ) where she was held incommunicado, as the two (2) searched out a permanent institution to institutionalize petitioner's mother for the rest of her life.

18. Petitioner was released on unsecured bail on June 26, 2019 and returned home to mother's house.

19. When petitioner returned to the North Wales residence belonging to his mother, he found out from a next door neighbor that his mother had purportedly fell in the parking lot while getting into her vehicle

4

and was taken to the Abington Hospital-Lansdale.

20. Petitioner went to the residence of Lorna Simon, 507 Cherry Street, Lansdale, PA 19446, whom petitioner knew was acquainted with my mother, from luncheons with church ladies. She told petitioner that his mother had fallen six weeks earlier, and that she had no broken bones and was released from the hospital after four (4) days.

21. Petitioner asked where his mother was now, so he could visit her, SIMON refused to disclose the location to petitioner. She told petitioner to ask WEBER, giving me the opportunity to call him from her house, on her phone, but the call went to voice mail. Petitioner left a message, though he never returned the call.

22. Petitioner explained that he had been incarcerated, and could not gain access to his belongings in his mother's house and she said she had a key. She consented to allowing petitioner into the house, though, stated she needed a police escort when allowing someone into the house. She called the Upper Gwynedd Police Department who have jurisdiction of the North Wales residence and she and petitioner were met by three (3) patrolmen. Officers Moriarty, Ramonowitz and another unidentified officer met SIMON and petitioner.

23. Petitioner explained to Officer Moriarty that his mother was at some other location and SIMON had that information, but had refused to disclose that, and could he get that information from SIMON or another source. Moriarty told petitioner that SIMON had Power of Attorney and that she could refuse to disclose that information.

24. Petitioner informed the police that he was a permanent resident and that the address was on his PA Operator's license. Petitioner was let into the house where he stayed.

25. When SIMON had refused to disclose, petitioner gave SIMON his cell phone number, and had asked that she pass his phone number onto his mother, and ask that she call him.

5

26. Petitioner waited three (3) days and got no call from his mother, so on or about June 29, 2019, petitioner called the Upper Gwynedd Police Department and spoke to a Police Officer Toro and attempted to file a MISSING PERSONS report regarding the undisclosed location of his mother. Toro said that, petitioner's mother (i.e. Eunice Jean McCracken) was not missing, that, they had knowledge of her whereabouts, but, that I had no right to know where she was and that my mother did not want to see me. Petitioner told him, that did not sound right, and that petitioner had been residing at her home with her in recent months and we were on friendly terms. He said that he was referring to a report made by Police Officer Ramonowitz.

27. On or about July 3, 2019, Kenneth WEBER came to the house at 15 Derry Drive, North Wales, PA 19454. As soon as petitioner answered the door, Weber told me that he was taking control of the property (i.e. 15 Derry Drive, North Wales, PA 19454) based upon the POA agreement. He did not exhibit a copy of the agreement, and to date he has not offered one up. He had come to the residence, with a person who represents the condominium association, because mold had been seen around the room air registers, due to a dysfunctional whole house humidifier system. Petitioner had removed it all.

28. When WEBER questioned, as to when he expected petitioner's mother to be discharged, to come home, he stated that they (i.e. WEBER and SIMON) were looking to find a permanent institution to put her in. Petitioner continued to question him as to where she was, and that he wanted to visit her. Finally, he gave a description of the facility. He did not give the name of the facility, but a description of where it was located. It turned out to be, Gwynedd Rehabilitation and Healthcare, located at 773 Sumneytown Pike, Lansdale, PA 19446.

29. Petitioner had been trying to locate his mother's car, and WEBER stated that he had taken the car. Petitioner had frequently used the car and had a lot of his property in the trunk. Weber agreed to return the contents of the car, and offered to sell petitioner the car, belonging to my mother, which he

was prepared to sell, since apparently he felt he had legal authority based upon the Power of Attorney agreement.

30. Based on this interaction regarding the car, its safe to assume that WEBER would have sold the house as well.

31. Petitioner, did, on or about July 4th or 5th first call to inquiry as to when the hours of visitation were (told 8 to 8), and then drove to the Gwynedd Rehabilitation and Healthcare facility.

32. It is a secure facility (electronic locks on two sets of entrance/exit doors) and when "buzzed in" asked to visit my mother. The receptionist/gate keeper called the administrator, Michelle Taylor, and she refused to allow visitation, and said that there is a Power of Attorney agreement, and that Lorna Simon must give her permission.

33. Petitioner did contact Lorna Simon, who said she would grant visitation, but that she would have to find a person to supervise the visits.

34. At that point, petitioner called to consult an attorney. Petitioner contacted the Slutsky firm in Plymouth Meeting, PA and personnel there stated that SIMON and TAYLOR would need a GUARDIANSHIP order to stop visitation, and communication, which they did not have. Personnel there stated that without GUARDIANSHIP, they had no right to hold her in an institution, if she wanted to go home.

35. On or about July 7, 2019, Lorna Simon granted visitation and petitioner saw his mother, while supervised by a woman, identified as Judy Emerson, who according to the Gwynedd Presbyterian Church (837 Sumneytown Pike, Lansdale, PA 19446) Church Directory was the church treasurer.

36. Its apparent that EMERSON was there acting on behalf of her employer, the church, which was a one-third beneficiary in will and/or annuities.

37. Petitioner told his mother that these two (2) persons whom she had given Power of Attorney (i.e.

7

WEBER/SIMON) were trying to keep her institutionalized for life. She indicated she wanted to go home. She indicated that she had been held there and had no illness, and had not seen any doctor nor received any treatment. She signed a document to revoke WEBER and SIMON from POA, which petitioner witnessed.

38. Subsequently, petitioner wrote to Michelle Taylor explaining that SIMON did not have GUARDIANSHIP, and that if my mother wanted to go home, she is entitled to do that.

39. Approximately three (3) days later, SIMON allowed petitioner to visit his mother again, this time supervised by Michelle Taylor and they finally released petitioner's mother the next day.

40. Upon returning home the Power of Attorney was revoked and beneficiaries on annuities were checked and it was found that there was three (3) entities on each annuity. On the Brighthouse annuity valued at $6,000.00 it was found that (1) Laura Adams; Gwynedd Presbyterian Church and petitioner were noted. On the Riversource annuity valued at $58,000.00 there were three (3), Gwynedd Presbyterian Church, Laura Adams and Kenneth Weber.

41. Its clear that WEBER abused the authority of the Power of Attorney agreement and unilaterally requested Riversource to remove petitioner and place himself on there as a beneficiary for 33 1/3 % or approximately $20,000.00. The extra beneficiaries were removed and petitioner sole beneficiary.

42. Its clear, that had petitioner not got released, his mother would have been institutionalized for life and WEBER would have liquidated the annuities and sold the house through his manipulation of the Power of Attorney agreement.

43. Petitioner Ted A. McCracken was in the Montgomery County Correctional Facility, Eagleville, PA from May 8, 2019 through June 26, 2019 trying desperately to contact my mother to get out on bail. WEBER had the telephone disconnected and removed from the house by Comcast and lost a phone number my mother had for 30 years. WEBER also went to the U.S. Post Office and had all mail

8

addressed to my mother rerouted to a mailbox he rented. Due to Weber's malicious actions petitioner was unable to communicate with his mother. In fact, no family nor friends were able to communicate with her. Petitioner's mother was held in the Gwynedd Rehab. secure facility for over a month and went outside on only one (1) occasion to have her hearing aids checked. She did not go out shopping separately, nor in a group. She did not have access to a telephone, and WEBER took the mail petitioner sent and destroyed it.

44. The nursing home generated a bill for over $16,000.00 for the 40 day stay which was unwanted, unnecessary and forced upon petitioner's mother by WEBER and SIMON.

45. Because the allegations were entirely created by the police, and the allegations that police corruption is at the root of the exaggerated charges, where the police set up sting operations to try to snare petitioner into anything which they can exaggerate and incarcerate him for, petitioner is being selectively and maliciously prosecuted in violation of the Equal Protection Clause of the 5th and 14th Amendments of the United States Constitution and asserts he cannot get a fair trial in Montgomery County.

46. These are malicious charges, which were nothing but a pretext, to get petitioner out of the way, so their Abington Hospital partners could steal petitioner's mother's assets, for which petitioner was the intended legitimate beneficiary, and institutionalize her for life. The prosecutor is interconnected with the police officers and stands in solidarity with them and has prejudice and bias towards petitioner.

47. Gershanick shows solidarity with the Blei's, peer pressure, and noble cause corruption (i.e. petitioner has a police record). A search of familyeducation.com shows that all three (3) share a German ancestry (Blei, Gershanick and Weber).

48. More recently, petitioner was advised by the Court Clerk, Court of Common Pleas, Montgomery County that the case is docketed before Judge Thomas Branca. Petitioner has only gone on trial once in

Montgomery County, and that was a jury trial before Judge Branca. Following the trial there was a lengthy appeal were multiple trial errors were argued. The judge is bias and prejudiced against petitioner, and any other of the judges would be far more impartial and fair than Judge Branca.

Upon the foregoing, petitioner respectfully requests removal of the criminal proceedings to federal court.

I, Ted A. McCracken, declare under penalty of perjury that the foregoing is true and correct and that this Petition for Removal was placed in the USDC dropbox on 9/12/2019.

Dated: September 12, 2019
North Wales, PA

Respectfully submitted,

Ted A. McCracken
Petitioner – pro-se
15 Derry Drive
North Wales, PA  19454

1/
   A summary of medicare costs for the months at issue has been received and Gwynedd Rehabilitation charged over $16,000.00 for the 40 days, and medicare only paid about $900.00, while my mother's supplemental insurance paid about $2,000.00.

Participants:
C.K. Kenneth Weber, Jr., (Power of Attorney), 320 Britt Road, North Wales, PA  19454;
Lorna Simon, (Power of Attorney), 507 Cherry Street, Lansdale, PA  19446;
Michelle Taylor, Administrator, Gwynedd Rehabilitation and Healthcare, 773 Sumneytown Pike, Lansdale, PA  19446;
Eunice Jean McCracken (mother), 15 Derry Drive, North Wales, PA  19454;
Police Officer Gershanick, Upper Moreland Police Department, 117 Park Avenue, Willow Grove, PA  19090;
Police Officer Joseph Blei, Abington Township Police Department, 1166 Old York Road, Abington, PA  19001;
Jackie Blei;
Ted A. McCracken, 15 Derry Drive, North Wales, PA  19454;
Police Officer Moriarty, Upper Gwynedd Police Department, 1 Park Place, North Wales, PA  19454;
Police Officer Toro, Upper Gwynedd Police Department, 1 Park Place, North Wales, PA  19454;
Police Officer Ramonowitz, Upper Gwynedd Police Department, 1 Park Place, North Wales, PA  19454.

Case 2:19-cr-00542-BMS   Document 1   Filed 09/12/19   Page 11 of 18

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004080-2019**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

Page 1 of 5

## CASE INFORMATION

Judge Assigned: Branca, Thomas C.   Date Filed: 07/08/2019   Initiation Date: 04/05/2019
OTN: U 695690-2   LOTN:   Originating Docket No: MJ-38208-CR-0000101-2019
Initial Issuing Authority: Jay S. Friedenberg   Final Issuing Authority: Jay S. Friedenberg
Arresting Agency: Upper Moreland Twp Police Dept   Arresting Officer: Gershanick, William J.
Complaint/Incident #: UM 19 03543
Case Local Number Type(s)   Case Local Number(s)

## STATUS INFORMATION

Case Status: Active

| Status Date | Processing Status | Complaint Date: 04/05/2019 |
|---|---|---|
| 07/11/2019 | Awaiting Pre-Trial Conference | |
| 07/08/2019 | Awaiting Formal Arraignment | |
| 07/08/2019 | Awaiting Formal Arraignment | |
| 07/08/2019 | Awaiting Filing of Information | |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 08/14/2019 | 9:30 am | Video Room #1 | | Scheduled |
| Pre-Trial Conference | 09/20/2019 | 9:00 am | Courtroom B | Judge Thomas C. Branca | Scheduled |

## DEFENDANT INFORMATION

Date Of Birth:   07/19/1953   City/State/Zip: North Wales, PA  19454

Alias Name
McCracken, Ted
McCracken, Ted A.
McCracken, Theodore Aaron

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | McCracken, Ted Aaron |

## BAIL INFORMATION

**McCracken, Ted Aaron**   Nebbia Status: None

| Bail Action | Date | Bail Type | Percentage | Amount | Bail Posting Status | Posting Date |
|---|---|---|---|---|---|---|
| Set | 05/09/2019 | Monetary | | $25,000.00 | | |
| Change Bail Type | 06/26/2019 | Unsecured | | $25,000.00 | Posted | 06/26/2019 |

CPCMS 9082   Printed: 09/11/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

11

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004080-2019**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

Page 2 of 5

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 1 | M1 | 18 § 2709.1 §§ A2 | Stalking - Repeatedly Comm. To Cause Fear | 03/08/2019 | U 695690-2 |
| 2 | 2 | M2 | 18 § 4904 §§ A1 | Unsworn Falsification to Authorities | 03/08/2019 | U 695690-2 |
| 3 | 3 | S | 18 § 2709 §§ A3 | Harassment - Course of Conduct W/No Legitimate Purpose | 03/08/2019 | U 695690-2 |
| 4 | 4 | M3 | 18 § 2709 §§ A4 | Harassment - Comm. Lewd, Threatening, Etc. Language | 03/08/2019 | U 695690-2 |
| 5 | 5 | M2 | 18 § 4906.1 | False Reports of Child Abuse | 03/08/2019 | U 695690-2 |
| 6 | 6 | M2 | 18 § 4906.1 | False Reports of Child Abuse | 03/08/2019 | U 695690-2 |

## DISPOSITION SENTENCING/PENALTIES

**Disposition**

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Waived for Court (Lower Court)**    Defendant Was Present

Lower Court Disposition    06/26/2019    Not Final

| | | | |
|---|---|---|---|
| 1 / Stalking - Repeatedly Comm. To Cause Fear | Waived for Court (Lower Court) | M1 | 18 § 2709.1 §§ A2 |
| 2 / Unsworn Falsification to Authorities | Waived for Court (Lower Court) | M2 | 18 § 4904 §§ A1 |
| 3 / Harassment - Course of Conduct W/No Legitimate Purpose | Waived for Court (Lower Court) | S | 18 § 2709 §§ A3 |
| 4 / Harassment - Comm. Lewd, Threatening, Etc. Language | Waived for Court (Lower Court) | M3 | 18 § 2709 §§ A4 |
| 5 / False Reports of Child Abuse | Waived for Court (Lower Court) | M2 | 18 § 4906.1 |
| 6 / False Reports of Child Abuse | Waived for Court (Lower Court) | M2 | 18 § 4906.1 |

CPCMS 9082    Printed: 09/11/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## DOCKET



Docket Number: CP-46-CR-0004080-2019
# CRIMINAL DOCKET
Court Case

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

Page 3 of 5

### COMMONWEALTH INFORMATION

**Name:** Gwendolyn Marie Kull
District Attorney
**Supreme Court No:** 324110
**Phone Number(s):**
610-278-3155   (Phone)
**Address:**
Montgomery Co Da's Office
2 E Airy St PO Box 311
Norristown, PA 19404

**Name:** Montgomery County District Attorney's Office - Criminal Division
Prosecutor
**Supreme Court No:**
**Phone Number(s):**
610-278-3090   (Phone)
**Address:**
Montgomery County Courthouse
PO Box 311
Norristown, PA 19404

### ATTORNEY INFORMATION

**Name:** Vanessa L. Bellino
Public Defender
**Supreme Court No:** 078938
**Rep. Status:** Active
**Phone Number(s):**
610-278-3295   (Phone)
**Address:**
Montgomery County Public Defender
2 E Airy Street PO Box 311
Norristown, PA 19404

Representing: McCracken, Ted Aaron

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 05/09/2019 | | Friedenberg, Jay S. |
| Bail Set - McCracken, Ted Aaron | | | |
| 1 | 06/26/2019 | | McCracken, Ted Aaron |
| Bail Posted - McCracken, Ted Aaron | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 07/08/2019 | eService | | Served |
| 2 | 06/26/2019 | | Friedenberg, Jay S. |
| Bail Type Changed - McCracken, Ted Aaron | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 07/08/2019 | eService | | Served |
| 1 | 07/08/2019 | | Court of Common Pleas - Montgomery County |
| Original Papers Received from Lower Court | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |

CPCMS 9082

Printed: 09/11/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004080-2019**

# CRIMINAL DOCKET

Court Case

Page 4 of 5

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| | 07/08/2019 | eService | Served |

| | | | |
|---|---|---|---|
| 2 | 07/08/2019 | | Criminal Division - Montgomery |
| Formal Arraignment Scheduled 08/14/2019 9:30AM | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 07/08/2019 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 07/11/2019 | | McCracken, Ted Aaron |
| Waiver of Appearance at Arraignment | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 07/15/2019 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 07/26/2019 | | McCracken, Ted Aaron |
| Waiver of Appearance at Arraignment | | | |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 07/29/2019 | eService | | Served |

| | | | |
|---|---|---|---|
| 1 | 08/13/2019 | | Kravitz, John E. |
| Entry of Appearance | | | |
| Kull, Gwendolyn Marie | | | |
| 08/14/2019 | eNotice | | Notified |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 08/14/2019 | eNotice | | Notified |

| | | | |
|---|---|---|---|
| 2 | 08/13/2019 | | Kravitz, John E. |
| Request for Pre-Trial Discovery | | | |
| Kull, Gwendolyn Marie | | | |
| 08/14/2019 | eNotice | | Notified |
| Montgomery County District Attorney's Office - Criminal Division | | | |
| 08/14/2019 | eNotice | | Notified |

CPCMS 9082

Printed: 09/11/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF MONTGOMERY COUNTY

## DOCKET



**Docket Number: CP-46-CR-0004080-2019**
## CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

Page 5 of 5

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 08/20/2019 | | Montgomery County Court Administration |

Pre-Trial Conference Scheduled 09/20/2019 9:00AM
LFA 8-14-19

| 2 | 08/20/2019 | | Montgomery County Court Administration |

Hearing Notice
  Pre Trial Conference Scheduled

Kravitz, John E.
  08/20/2019          eService                                    Served
Kull, Gwendolyn Marie
  08/20/2019          eService                                    Served
Montgomery County District Attorney's
Office - Criminal Division
  08/20/2019          eService                                    Served

| 1 | 09/10/2019 | | Bellino, Vanessa L. |

Entry of Appearance
Kravitz, John E.
  09/10/2019          eService                                    Served
Kull, Gwendolyn Marie
  09/10/2019          eNotice                                     Notified
Montgomery County District Attorney's
Office - Criminal Division
  09/10/2019          eNotice                                     Notified

---

CPCMS 9082                                                                                                Printed: 09/11/2019

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

15

16

## BAIL RELEASE CONDITIONS

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

| OTN: | U 695690-2 | Docket No: | MJ-38208-CR-0000101-2019 | Date of Charges: | 03/08/2019 |
|---|---|---|---|---|---|
| | | Court No: | MDJ-38-2-08 | | |

| Def Name/Address: | Ted Aaron McCracken<br>15 Derry Drive<br>North Wales, PA 19454 | Next Court Action:<br>Formal Arraignment<br>08/14/2019 9:30 am | Video Room #1<br>Montgomery County Courthouse<br>Swede & Airy Streets<br>Norristown, PA 19404<br>610-278-3224 |
|---|---|---|---|

### Release Conditions

Other - Defendant is to not have contact with complainant and her family and her address. Defendant is to recieve a mental health evaluation and comply with any recommendations

I verify that the above conditions have been imposed.

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

X _____
(Signature of Defendant)

6-25-19
Date

_____
(Signature of Issuing Authority)

## BAIL RELEASE CONDITIONS

Commonwealth of Pennsylvania
v.
Ted Aaron McCracken

| OTN: U 695690-2 | Docket No: MJ-38208-CR-0000101-2019 | Date of Charges: 03/08/2019 |
|---|---|---|
| | Court No: MDJ-38-2-08 | |
| Def Name/Address: Ted Aaron McCracken<br>15 Derry Drive<br>North Wales, PA 19454 | Next Court Action:<br>Formal Arraignment<br>08/14/2019 9:30 am | Video Room #1<br>Montgomery County Courthouse<br>Swede & Airy Streets<br>Norristown, PA 19404<br>610-278-3224 |

**Release Conditions**

Other - Defendant is to not have contact with complainant and her family and her address. Defendant is to recieve a mental health evaluation and comply with any recommendations

I verify that the above conditions have been imposed.
I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

X _____
(Signature of Defendant)

6-25-19
Date

_____
(Signature of Issuing Authority)

MDJS 414A2
Printed: 06/26/2019 10:31:44AM

FREE INTERPRETER
www.pacourts.us/language-rights
215-659-6840

18